UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KORUM AUTOMOTIVE GROUP, INC., a Washington corporation,

    Plaintiff,

v.

SALSTROM MOTORS INC., a/k/a KORUM'S AUTO OUTLET, a Washington corporation; and ANDREW JACOBS and JANE DOE JACOBS, individually and the marital community composed thereof,

    Defendants.

CV11-5690BHS

**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

This matter comes before the Court on Plaintiff Korum Automotive Group, Inc.'s ("Korum Auto Group") motion for preliminary injunction. Dkt. 14. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file, as well as the parties' oral arguments, and hereby grants the motion based on the findings of fact and conclusions of law discussed herein.

## I. FINDINGS OF FACT

Solely for purposes of deciding the motion for preliminary injunction, the Court makes the following findings of fact based on the evidence presented:

ORDER - 1

Korum Auto Group is a Washington corporation that owns and operates automobile dealerships that use the trademark and trade name "Korum" (the "KORUM mark"). The KORUM mark embodies the goodwill and reputation of the Korum dealerships that Korum Auto Group's founder, Jerry Korum, as an officer and owner of those dealerships, has built and continuously owned and operated for the past 41 years. Korum Auto Group has state trademark registrations for the KORUM mark for "automotive and truck dealership services" and related services. Korum Auto Group's dealerships include Korum Ford, Korum Lincoln, Korum Hyundai, and Korum Mitsubishi, all located in Puyallup, Washington.

In 1971, Jerry Korum renamed his Ford dealership, previously operated under the name Moreland Ford, as Korum Ford, and he has operated that dealership continuously since then. In 1986, Jerry Korum acquired a Mitsubishi dealership in Puyallup and named it Korum Mitsubishi. In 1994, Jerry Korum and his wife, Germaine, founded Korum for Kids Foundation, a charitable non-profit organization that provides financial assistance to benefit the health, welfare and futures of children in the Puyallup community and throughout Pierce County. In 1999, Jerry Korum acquired a Hyundai dealership in Puyallup and named it Korum Hyundai. Jerry Korum founded Korum Auto Group in 1999 as a holding company for all of the Korum dealerships, which then included Korum Ford, Korum Mitsubishi and Korum Hyundai. In 2010, Korum Auto Group acquired a Lincoln dealership in Puyallup and named it Korum Lincoln.

All of Korum Auto Group's dealerships sell and have always sold both new and

used vehicles. Although Korum Auto Group's dealerships are located in Puyallup, their market area covers much of the Puget Sound area, including Pierce County, Thurston County and south King County. Korum Auto Group spends a substantial amount of money per year on television, print, billboard and other advertising to promote its Korum dealerships in its market area. Korum Auto Group operates a number of websites under the KORUM mark including a primary website, www.korum.com, which it has operated since 1998. That website promotes all of the Korum dealerships, which include Korum Ford, Korum Lincoln, Korum Hyundai and Korum Mitsubishi. Korum Auto Group also operates individual websites – www.korumford.com, www.korumlincoln.com, www.korumhyundai.com, and www.korummitsubishi.com – for each of the Korum dealerships. A substantial portion of Korum Auto Group's advertising focuses on the Tacoma area, which is one of the primary sources of Korum Auto Group's customers. Korum Auto Group has spent millions of dollars advertising the KORUM mark over the years and has created widespread consumer recognition of the KORUM mark. The City of Puyallup has designated the corner of River Road and Meridian Avenue in Puyallup, where the Korum dealerships historically have been located, as Korum Korners. The KORUM mark and the reputation and goodwill associated with it are valuable assets of Korum Auto Group.

Defendant Salstrom Motors Inc. ("Salstrom") is a Washington corporation that operates a used automobile dealership on South Tacoma Way in Tacoma, Washington, under the name Korum's Auto Outlet. Defendant Andrew Jacobs ("Jacobs") is an owner

and officer of Defendant Salstrom Motors Inc., d/b/a Korum's Auto Outlet. Korum's Auto Outlet competes with Korum Auto Group as a provider of automobile dealership services in the market for used automobiles in the Tacoma area.

Customers have likely been confused by Defendants' use of the name Korum's Auto Outlet.[1] Customers have likely been confused into believing that Korum's Auto Outlet is affiliated with Korum Auto Group's dealerships. Customers are likely to be confused by Defendants' use of the name Korum's Auto Outlet. Customers are likely to be confused into believing that Korum's Auto Outlet is affiliated with Korum Auto Group's dealerships. A number of customers of Defendants have filed sworn declarations with this Court and with the Washington Attorney General's Office stating that they believe they were treated unfairly or deceptively by Defendants.

Korum Auto Group and the goodwill and reputation of the KORUM mark have likely been and will likely continue to be harmed by the confusion that Defendants have caused by their use of the confusingly similar name, Korum's Auto Outlet. Defendants' use of the name Korum's Auto Outlet for automobile dealership services will, if not enjoined, continue to create a significant likelihood of confusion in the marketplace. Korum Auto Group will suffer economic damage and irreparable harm in the absence of preliminary injunctive relief.

---

[1] The Court's findings on disputed facts, and its conclusions of law, are based upon the present record.

ORDER - 4

## II. DISCUSSION

**A.     Standard for Issuing a Preliminary Injunction**

The court may issue a preliminary injunction where a party establishes (1) a likelihood of success on the merits, that (2) it is likely to suffer irreparable harm in the absence of preliminary relief, that (3) the balance of hardships tips in its favor, and (4) that the public interest favors an injunction. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008). A party can also satisfy the first and third elements of the test by raising serious questions going to the merits of its case and a balance of hardships that tips sharply in its favor. *Alliance for the Wild Rockies v. Cotrell*, 632 F.3d 1127, 1135, 632 F.3d at 1135 (9th Cir. 2011) (holding that the Ninth Circuit's "sliding scale" approach continues to be valid following the *Winter* decision).

**B.     Korum Auto Group's Motion for Preliminary Injunction**

   **1.     Likelihood of Success**

The Court concludes that Korum Auto Group has demonstrated a likelihood of success on its claims against Defendants for trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a).

The Lanham Act prohibits commercial use of any "word, term, name, symbol, device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact," which would "cause confusion about the origin, affiliation, association, or sponsorship of a product or service." 15 U.S.C. § 1125(a)(1)(A). To prevail on a trademark infringement claim at

the preliminary injunction stage, a plaintiff must establish that it likely has a protectable interest in the mark and that it is likely to show a likelihood of confusion. *See GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1205.

Here, Defendants maintain that Korum Auto Group does not have a protectable interest in the stand-alone KORUM mark, and that therefore, Korum Auto Group's likelihood of confusion analysis is "highly flawed." Dkt. 29 at 4-5. Next, Defendants argue that Jerry Korum and Bill Korum jointly share ownership rights in the stand-alone KORUM mark. Dkt. 29 at 4-5. In addition, Defendants contend that Korum Auto Group is precluded from pursuing its trademark claims by the doctrines of laches and acquiescence. *Id.*

First, the Court concludes that Korum Auto Group has shown that it is likely to prevail in establishing a protectable interest in the KORUM mark. Whether Korum Auto Group has a protectable interest in the stand-alone KORUM mark is irrelevant at this stage of the litigation as Korum Auto Group is using the mark in association with its automobile dealerships and Defendants wish to use the KORUM mark in association with their automobile dealership. Therefore, the Court need not decide whether Korum Auto Group has a protectable interest in the stand-alone KORUM mark because Korum Auto Group has shown it has a protectable interest in the KORUM mark associated with automobile dealerships. In addition, although Defendants describe Korum Auto Group's analysis of the likelihood of confusion element as "highly flawed," Defendants have

failed to present any evidence to dispute Korum Auto Group's showing that there is not only a likelihood of confusion, but actual confusion among customers of Defendants.

Even if the Court were to agree with Defendants' argument that Bill Korum shares some kind of right in the KORUM mark, Korum Auto Group has shown that Bill Korum's interest in the mark likely extends only to the Puyallup Nissan dealership at which he has been using the KORUM mark.

Finally, even assuming the Defendants have shown that Bill Korum has a laches and/or an acquiescence defense to trademark infringement, he is not a defendant in this case and Defendants have failed to show that his defense would extend to the use of the mark in connection with Salstrom or Defendants' use of the KORUM mark.

Accordingly, Korum Auto Group has shown that it is likely to succeed on the merits of its trademark infringement claim because it has shown it will likely prove a protectable interest in the mark and a likelihood of confusion.

**2.     Remaining Factors**

The Court concludes that Korum Auto Group has shown that the remaining factors considered by the Court in issuing a preliminary injunction weigh in its favor. Korum Auto Group faces irreparable harm if preliminary injunctive relief is not granted because of its loss of control over its reputation and goodwill due to consumers' confusion surrounding the affiliation between Korum Auto Group and Salstrom.

The balance of equities tips in Korum Auto Group's favor as Defendants will likely suffer comparatively little hardship if preliminary injunctive relief is granted as

Defendants can use their previous mark, South Tacoma Motors, or another mark of their choosing. Korum Auto Group's posting of a bond will ensure that Defendants are fairly compensated for their hardship if they in fact prevail in this matter.

The public interest favors granting preliminary injunctive relief where the Court has concluded that Korum Auto Group is likely to prevail on its trademark infringement based on confusion as the public has a right not to be deceived or confused.

Finally, because of the expenses Defendants are likely to incur in complying with this injunction, Korum Auto Group must post a bond in the amount of $100,000.

## III. ORDER

Based on the foregoing Findings of Fact and Conclusions of Law, the Court Hereby **ORDERS** as follows:

(1) Korum Auto Group's motion for preliminary injunction (Dkt. 14) is **GRANTED**;

(2) Defendants, including all officers, directors, agents, affiliates, employees and representatives of Defendants, are preliminarily enjoined and restrained from using the name "Korum's Auto Outlet" or any other variation of the KORUM mark, and from making any statement that is calculated or likely to cause a third party to believe that Defendants are affiliated with Korum Auto Group or its Korum dealerships;

(3) Defendants shall file with this Court and serve on Plaintiff within sixty (60) days of the date of this Order a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the terms of this Order; and

(4) Because of the expenses Defendants are likely to incur in complying with this injunction, Korum Auto Group must post a bond in the amount of $100,000 in the Court registry within 10 days of the signing of this order.

DATED this 17th day of January, 2012.

_____
BENJAMIN H. SETTLE
United States District Judge